IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAVID GARLAND ATWOOD II                                                PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:12-cv-75-HTW-LRA

STATE OF MISSISSIPPI, et al.                                          RESPONDENTS

MEMORANDUM OPINION AND ORDER

This cause is before this Court, sua sponte. Petitioner filed a request for habeas relief pursuant to Title 28 U.S.C. § 2254, as well as a request for a declaratory judgment pursuant to Title 28 U.S.C. § 2201. According to the allegations of the petition [1], Petitioner has not been convicted of the criminal charge he is challenging in the instant habeas petition. Therefore, he is deemed a pre-trial detainee under the circumstances of the instant civil action. As such, this Court will construe this habeas as being brought pursuant to Title 28 U.S.C. § 2241.

Petitioner states that he was arrested on July 2, 2011, by members of the Vicksburg Police Department and Warren County Sheriff's Department and charged with trespassing in violation of Mississippi Code Annotated, § 97-17-97. Br. [4] at p. 1. On August 22, 2011, Petitioner pled not guilty to the charge of trespassing in the Vicksburg Municipal Court. Pet. [1] at p. 3. He also filed a Motion to Dismiss the charge of trespassing. Id. Petitioner, however, has not yet received a ruling on the Motion to Dismiss nor has he been brought to trial on the charge. Id.

Petitioner further contends that the Mississippi trespassing statute § 97-17-97 is unconstitutional under the circumstances of the instant civil action. Therefore, a "declaratory judgment setting forth the right['s] of the Petitioner and terminating the trespassing controversy" should be entered. Pet. [1] at p. 8.

Title 28 U.S.C. § 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987).  While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits.  See Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 488-89 (1973).  "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Id. at 489.  Morever, the Petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Id. at 493.

The United States Supreme Court made a distinction between a petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense before the petitioner goes to trial, Braden, 410 U.S. at 490, and "one who seeks only to enforce the state's obligation to bring him promptly to trial." Id., (citing Smith v. Hooey, 393 U.S. 374 (1969)).  In Brown v. Estelle, 530 F.2d 1280, 1282-83 (5th Cir. 1976), the United States Court of Appeals for the Fifth Circuit held that the distinction is based on the type of relief requested by the petitioner.  If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." Brown, 530 F.2d at 1282-83.  If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial.  Id.

In the event, the Petitioner is seeking that the Municipal Court fulfill its obligation to

provide Petitioner with a prompt and speedy trial, he is required to exhaust his available state court remedies.  See Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956 (1987) (stating that the requirement that a petitioner must exhaust his available state remedies before he proceeds with a habeas pursuant to 28 U.S.C. § 2241 has been judicially created).  Petitioner states that he has pending in the Municipal Court a motion to dismiss his pending state criminal charges.  Pet. [1] at p. 3.  Furthermore, if Petitioner has not received a decision by the Municipal Court, he has an available remedy by filing a writ of mandamus, as provided by Mississippi Code Annotated § 11-41-1 (1972).  See In re Chisolm, 837 So.2d 183 (Miss. 2003).   Therefore, this Court finds that Petitioner has not meet the exhaustion requirement.

As for Petitioner's requests for a "[s]tay of State court proceedings," a declaration that the Mississippi trespassing statute, § 97-17-97, is "unconstitutional as used in these circumstances" and the "terminat[ion] [of] the trespassing controversy," this Court cannot grant such relief even if he exhausts his available state court remedies.  Petitioner's request for a "declaratory judgment declaring a state criminal statute unconstitutional [i]s unavailable where it would have much the same effect as an injunction prohibiting enforcement of the statute, and the latter was barred by traditional principles of equity, comity, and federalism."  Green v. Mansour, 474 U.S. 64, 72 (1985)(citing Samuels v. Mackell, 401 U.S. 66, 73 (1971); see also Smith v. City of Picayune, No. 94-60692 (5th Cir. May 24, 2995).  Moreover, Petitioner's additional requested relief is no more than an attempt to stop a state proceeding or to interrupt the systematic functioning of the state judicial processes.  Therefore, federal habeas corpus is not an available remedy for these claims.

In the instant petition, Petitioner is (1) seeking to circumvent a state proceeding or

otherwise interfere with the state judicial processes; or (2) he is seeking relief not available via federal habeas corpus; or (3) he has not completed the exhaustion of his state court remedies prior to filing this petition.  As such, Petitioner's request for habeas relief will be dismissed without prejudice.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED, this the 29th day of August, 2012.


s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE